UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO CORTES,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>ALLIED WASTE SERVICES OF NORTH AMERICA, LLC., *et al.*,<br><br>　　　　　　　Defendants. | Case No. 2:25-cv-01276-FLA (JDEx)<br><br>**ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE TRANSFERRED TO THE EASTERN DISTRICT OF CALIFORNIA** |

1

**ORDER**

On December 26, 2023, plaintiff Juan Lopez ("Lopez") filed a class action lawsuit in San Joaquin County Superior Court (the "*Lopez* action") against Allied Waste Services of North America, LLC ("Allied Waste") and Republic Services, Inc. *Juan Lopez v. Allied Waste Services of North America, LLC, et al.*, Case No. 2:24-cv-00822-TLN (E.D. Cal.), Dkt. 1 at 3.[1]  Lopez alleges numerous violations of California's Labor Code sections resulting from the named defendants' alleged failure to pay wages owed, failure to provide meal and rest periods, failure to provide accurate itemized wage statements, failure to pay all wages owed upon termination, as well as violation of section 17200 of the California Business & Professions Code ("UCL").  *Id.*  On February 27, 2024, Lopez amended his Complaint to add a cause of action for civil penalties pursuant to the Private Attorneys General Act.  *Id.* at 4.  On March 15, 2024, defendants Allied Waste and Republic Services, Inc. removed the *Lopez* action to the United States District Court for the Eastern District of California, alleging diversity jurisdiction under 28 U.S.C. § 1332.  *Id.* at 2.

On December 23, 2024, Plaintiff Sergio Cortes ("Plaintiff") filed a substantially similar class action complaint in Los Angeles County Superior Court against one of the same defendants, Allied Waste, also alleging California Labor Code and UCL violations against Allied Waste.  Dkt. 1-1 at 10–27.  On February 13, 2025, Allied Waste (collectively with Plaintiff, the "Parties") removed the subject action to this court, alleging diversity jurisdiction under 28 U.S.C. § 1332.  Dkt. 1.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  28 U.S.C. § 1404(a).  A district court may "transfer a case sua sponte

---

[1] The court cites documents by the page numbers added by the court's CM/ECF System, rather than any page numbers listed in documents natively.

1  under the doctrine of *forum non conveniens*, as codified at 28 U.S.C. § 1404(a), so
2  long as the parties are first given the opportunity to present their views on the issue."
3  *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986).

4      Because Lopez filed a duplicative action that is pending currently before the
5  Eastern District of California, prior to Plaintiff filing the subject action before this
6  court, the court ORDERS the Parties to Show Cause ("OSC") in writing, within
7  fourteen (14) days of this Order, why the action should not be deemed related to the
8  *Lopez* action and transferred to the Eastern District of California.  The Parties may file
9  one brief per side, which shall not exceed 15 pages per brief.  Failure to respond
10 timely shall result in the transfer of this action without further notice from the court.

12     IT IS SO ORDERED.

14 Dated: December 29, 2025

                                                  FERNANDO L. AENLLE-ROCHA
                                                  United States District Judge